NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| RACHEL SANDERS, | : | |
| | : | Civ. No. 05-2743 (GEB) |
| Plaintiff, | : | |
| | : | **MEMORANDUM OPINION** |
| v. | : | |
| | : | |
| JOHN E. POTTER, | : | |
| Postmaster General, | : | |
| | : | |
| Defendant. | : | |

**BROWN, Chief Judge**

This matter comes before the Court upon the motion of defendant John E. Potter ("Defendant") for summary judgment of the Complaint filed by plaintiff Rachel Sanders ("Plaintiff"), pursuant to Federal Rule of Civil Procedure 56. The Court decided the motion based upon the parties' submissions and without oral argument, pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, Defendant's motion is granted.

**I. BACKGROUND**

Plaintiff is an employee of the United States Postal Service. On October 6, 2004, Plaintiff met with an EEO counselor regarding claims of discrimination on the basis of her race (black) and sex (female). (See Declaration of Dorothy Donnelly at Exhibit 1.) On January 6, 2005, the EEO Dispute Resolution Specialist issued a letter to Plaintiff notifying her of her right to file a formal complaint of discrimination within fifteen (15) calendar days of her receipt of the letter and enclosed forms reciting the same time frame. (Id.) The certified return receipt

indicated delivery and receipt of the above letter and forms by Plaintiff on January 7, 2005. (Id.)

Plaintiff filed her Complaint via certified mail, postmarked January 26, 2005. (Id. at Exhibit 3.) On February 22, 2005, the United States Postal Service issued a Dismissal of Complaint letter to Plaintiff for failing to file her complaint of unlawful discrimination on the basis of race within the applicable 15-day filing period. (Id. at Exhibit 2.) The letter further found Plaintiff's claim of harassment from her pre-Complaint counseling to not be sufficiently severe or pervasive and dismissed that claim. (Id.)

On or about May 27, 2005, Plaintiff filed her Complaint in this Court pursuant to her right to appeal the Postal Service's final decision. On March 23, 2006, Defendant filed the instant motion for summary judgment.

**II. DISCUSSION**

A. Standard for a Motion for Summary Judgment

A party seeking summary judgment must "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Orson, Inc. v. Miramax Film Corp., 79 F.3d 1358, 1366 (3d Cir. 1996); Healy v. New York Life Ins. Co., 860 F.2d 1209, 1219, n.3 (3d Cir. 1988), cert. denied, 490 U.S. 1098 (1989); Hersh v. Allen Prods. Co., 789 F.2d 230, 232 (3d Cir. 1986). The threshold inquiry is whether "there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986)(noting that no issue for trial exists unless there is sufficient evidence favoring the nonmoving party for a jury to

return a verdict in its favor). In deciding whether triable issues of fact exist, the Court must view the underlying facts and draw all reasonable inferences in favor of the non-moving party. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Pennsylvania Coal Ass'n v. Babbitt, 63 F.3d 231, 236 (3d Cir. 1995); Hancock Indus. v. Schaeffer, 811 F.2d 225, 231 (3d Cir. 1987).

> Rule 56(e) of the Federal Rules of Civil Procedure provides, in relevant part:
>
>> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e). The rule does not increase or decrease a party's ultimate burden of proof on a claim. Rather, "the determination of whether a given factual dispute requires submission to a jury must be guided by the substantive evidentiary standards that apply to the case." Anderson, 477 U.S. at 255.

Under the Rule, a movant must be awarded summary judgment on all properly supported issues identified in its motion, except those for which the nonmoving party has provided evidence to show that a question of material fact remains. See Celotex, 477 U.S. at 324. Put another way, once the moving party has properly supported its showing of no triable issue of fact and of an entitlement to judgment as a matter of law, for example, with affidavits, which may be "supplemented . . . by depositions, answers to interrogatories, or further affidavits," id. at 322 n.3, "its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita, 475 U.S. at 586 (citations omitted); see also Anderson, 477 U.S.

3

at 247-48 (stating that "[b]y its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.").

What the nonmoving party must do is "go beyond the pleadings and by [its] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Celotex, 477 U.S. at 324; see also Lujan v. National Wildlife Fed'n, 497 U.S. 871, 888 (1990)(stating that "[t]he object of [Rule 56(e)] is not to replace conclusory allegations of the complaint . . . with conclusory allegations of an affidavit."); Anderson, 477 U.S. at 249; Big Apple BMW, Inc. v. BMW of N. Am., Inc., 974 F.2d 1358, 1363 (3d Cir. 1992), cert. denied, 507 U.S. 912 (1993)(stating that "[t]o raise a genuine issue of material fact, . . . the opponent need not match, item for item, each piece of evidence proffered by the movant," but must "exceed[] the 'mere scintilla' threshold and . . . offer[] a genuine issue of material fact.").

The Local Civil Rules supplement the Federal Rules of Civil Procedure and provide that "each side shall furnish a statement which sets forth material facts as to which there exists or does not exist a genuine issue." L. Civ. R. 56.1. "Where possible, a single joint Rule 56.1 statement is favored." Allyn Z. Lite, New Jersey Federal Practice Rules 192 (2006 ed.)(citations omitted). "Where a joint statement is not prepared, then, under the rule, 'facts submitted in the statement of material facts which remain uncontested by the opposing party are deemed admitted.'" Id. at 193 (citations omitted). However, "the parties' statements pursuant to Local Rule 56.1 "cannot bind the Court if other evidence establishes that the stipulated facts are in

4

error."  Id. (citation omitted).

      B.  <u>Plaintiff Failed to File a Formal Complaint Within the Applicable Time Limits</u>

      Plaintiff's Complaint in this Court alleged a claim under Title VII of the Civil Rights Act of 1964, as amended, pertaining to employees of the United States government, codified at 42 U.S.C. §§ 2000e to 2000e-17.  Pursuant to the applicable regulations, Plaintiff was first required to "initiate contact with a Counselor within 45 days of the date of the matter alleged to be discriminatory . . . ."  29 C.F.R. § 1614.105(a)(1) (2004).  Thereafter, "[u]nless the aggrieved person agrees to a longer counseling period . . . the Counselor shall conduct the final interview with the aggrieved person within 30 days of the date the aggrieved person contacted the agency's EEO office to request counseling."  29 C.F.R. § 1614.105(d).  Then, "[i]f the matter has not been resolved, the aggrieved person shall be informed in writing by the Counselor, not later than the thirtieth day after contacting the Counselor, of the right to file a discrimination complaint.  The notice shall inform the complainant of the right to file a discrimination complaint within 15 days of the receipt of the notice . . . ."  Id.  There is no dispute, and therefore no issues of material fact, as to the parties' compliance with their respective responsibilities under the above sections of the regulations.

      The next section of the regulations, entitled "Individual complaints," states that a complaint filed with the agency that allegedly discriminated against the individual "must be filed within 15 days of receipt of the notice required by § 1614.105(d) . . . ."  29 C.F.R. § 1614.106 (2004).  Furthermore, agencies are required to dismiss an entire complaint "[t]hat fails to comply with the applicable time limits contained in §§ 1614.105, 1614.106 and 1614.204(c) . . . ."  29 C.F.R. § 1614.107 (2004).  That section continues to state conditions to dismissal that are not

alleged nor found to be present here.

The evidence submitted in support of Defendant's motion for summary judgment, detailed above, indicates that Plaintiff's complaint was not filed with the Postal Service within the applicable time limits and was properly dismissed. Plaintiff's opposition to the instant motion fails to sufficiently contest Defendant's evidence to demonstrate a genuine issue of material fact with respect to Plaintiff's failure to file the agency complaint within the applicable time limits. Consequently, Defendant's motion for summary judgment is granted.

### III.  CONCLUSION

For the foregoing reasons, Defendant's motion for summary judgment is granted and the matter shall be marked closed. An appropriate form of order accompanies this Memorandum Opinion.


Dated: May 31, 2006


                                              s/ Garrett E. Brown, Jr.
                                              GARRETT E. BROWN, JR., U.S.D.J.